AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ DELAWARE _____

UNITED STATES OF AMERICA
V.
LARRY M. WILMER,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-88-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence   that

The Defendant waived his right to contest pretrial detention. Based on the affidavit of probable cause, evidence presented during the probable cause hearing, and the report of the Probation Office, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial. The Court further finds that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

<u>the nature and circumstances of the offense:</u> the Defendant is accused of being a felon in possession of a firearm. He and another individual were observed apparently discarding a total of two firearms into trash receptacles. They were found to also possess knit caps, ski masks, and gloves.

<u>the weight of the evidence:</u> establishes at least probable cause. An officer involved in the arrest concluded that Defendant was the individual who discarded the 9 mm firearm found in one of the trash receptacles. There is no dispute that Defendant has two prior felony convictions and that the firearm (manufactured by Smith & Wesson outside of Delaware) traveled in interstate commerce prior to Defendant's alleged possession of it.

<u>the history and characteristics of the Defendant:</u> Defendant was on state probation at the time of his instant arrest. He has prior felony convictions for conspiracy and robbery. The robbery involved Defendant firing shots at the victim.

<u>the nature and seriousness of the danger to the community that would be posed by the Defendant's release:</u> as a felon in possession, with prior convictions including one involving discharging a firearm during a robbery, Defendant would pose a danger to the community if released.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| MAY 7TH, 2008 | |
|---|---|
| Date | Signature of Judge |
| | Hon. Leonard P. Stark - U.S. MAGISTRATE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).